IN RE UNIVERSITY FUND.

1. LEGISLATIVE QUESTIONS.
Questions propounded to the court under sec. 3 of art. 6 of the Constitution, should distinctly specify the point upon which its opinion is requested.

2. SAME.
The court is not at liberty in response to legislative inquiry to pass upon the constitutionality of statutes.

3. CONSTITUTIONAL LAW.
Authority to pass a proposed bill in no way depends upon the validity of former statutes.

4. SAME.
Executive questions must be exclusively *juris publici*, and legislative questions must be connected with pending legislation and relate either to the constitutionality thereof, or to matters connected therewith of purely public right.

5. SAME.
Senate bill No. 333, session 1893, as submitted to the court, does not seem to contravene any constitutional provision.

THE opinion of the court is in response to the following resolution and interrogatories:

"WHEREAS doubts exist as to the constitutionality of senate bill No. 333, therefore, be it resolved by the senate of the state of Colorado that the supreme court be respectfully requested to answer the following interrogations:

"*First.* Does the constitution delegate to the legislature

the power to provide that the proceeds of sales of lands donated by the United States to the state of Colorado for the benefit of the University shall constitute a ' University Land Permanent Fund,' or any permanent fund, or any fund, or does the constitution delegate to and invest the Board of Regents of the University with the power of exclusive control and direction of the proceeds of sales of said land for the benefit of the University, so that the principal of said University Land Permanent Fund may be used by said regents for any purpose for the benefit of the University ?

" *Second.* Are the provisions of the bill properly the subject-matter of legislation ? "

PER CURIAM. The questions propounded are not sufficiently specific, as we have frequently indicated. But the principal object of the inquiry as stated by counsel is to secure the opinion of the court upon the constitutionality of certain statutes heretofore passed by the legislature. Authority to pass the proposed bill in no way depends upon the validity of those statutes, and we are not at liberty to pass upon such questions in response to legislative inquiry. This has already been determined by the court.

*In re District Attorneys*, 12 Colo. 471, Judge Helm, speaking for the court, said :

" Upon mature investigation and reflection we are of the opinion that executive questions must be exclusively *juris publici*, and that legislative questions must be connected with *pending* legislation, and relate either to the *constitutionality thereof*, or to matters connected therewith of purely public right."

In response to the second interrogatory, we can only say that we find no constitutional provision that the proposed act contravenes.